(TXWD - r40.Ltr)

# UNITED STATES DISTRICT COURT

William G. Putnicki
Clerk of the Court

Western District of Texas
San Antonio Division
655 E. Durango Blvd.
San Antonio, Texas 78206

Filed CB
RECVD 10 DEC 27 11:05 USDC-ORP

December 22, 2010

Clerk, U.S. District Court
U.S. Courthouse
1000 Southwest Third Avenue, Rm 740
Portland, OR  97204-2802

| | |
|---|---|
| Our Case Number: | SA:10-M-1170 (1,2) |
| Your Case Number: | 10-CR-506-BR |
| USA vs. | (1) Hossein Lahiji and (2) Najmeh Vahid |

Dear Clerk,

The above named Defendants are charged in the District of Oregon - Portland Division and have been arrested in the Western District of Texas, San Antonio Division.

Both Defendants advised the Court that they each would be retaining their own attorney to proceed in Portland, Oregon; however local attorneys Mike McCrum and Jimmy Parks, Jr. were present *for purposes of the initial appearance only*. Both Defendants were released on a $100,000 Unsecured Bond and informed of their next Court appearance in Portland, Oregon, on January 4, 2011 at 1:30 p.m. before Judge Paul Papak. Both Defendants waived their identity hearings.

You may access electronically filed documents for this case at our DCN/CM/ECF web address:

http://156.124.96.229/MyDocketSheet/mydocketsheet.aspx

Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt of this transmittal, and original documents, if any, by signing and returning the enclosed copy of this letter to the divisional office at the address listed above.

Sincerely,

William G. Putnicki,
Clerk of the Court.

By: Kathy L. Hicks
Courtroom Deputy
(210) 472-6550 ext 5013
Telephone No.

Encl.
RECEIVED THIS _____ DAY OF _____ , _____
BY: _____

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
### CRIMINAL DOCKET FOR CASE #: 5:10-mj-01170-NSN-2
### Internal Use Only

Case title: USA v. Lahiji et al

Date Filed: 12/21/2010
Date Terminated: 12/22/2010

Assigned to: Judge Nancy Stein Nowak

**Defendant**

**Najmeh Vahid** (2)
*TERMINATED: 12/22/2010*

$10-CR-506(2)$

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 18:371, 18:1956(h) and 18:982: Conspiracy to Defraud the United States, Conspiracy to Commit Money Laundering and Forfeiture | |

**Plaintiff**

**USA**

represented by **Mark T. Roomberg**
Assistant U.S. Attorney
U.S. Department of Justice
601 NW Loop 410
Suite 600
San Antonio, TX 78216

(210) 384-7150
Fax: 210/384-7105
Email: mark.roomberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
More Information

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/2010 | 1 | Arrest (Rule 5/Rule 32.1) of Hossein Lahiji, Najmeh Vahid. Warrant on Indictment District of Oregon - Portland Division Their Case No. 10-CR-506 BR (kh, ) (Entered: 12/22/2010) |
| 12/21/2010 | 2 | Minute Entry for proceedings held before Judge Nancy Stein Nowak:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Hossein Lahiji, Najmeh Vahid held on 12/21/2010. Present at initial appearance were Attorney Mark McCrum for dft 1 and Attorney Jimmy Parks, Jr. for dft 2 who appeared for purposes of the initial appearance hearing only. AUSA Mark Roomberg present for Government. Both Defendants indicated would retain an attorney; both Defendants informed that all further proceedings would be held in charging District and next hearing of DC Arraignment was scheduled for January 4, 2011 at 1:30 p.m before Judge Paul Papak. (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.) (kh, ) (Entered: 12/22/2010) |
| 12/21/2010 | 5 | ORDER Setting Conditions of Release as to Najmeh Vahid (2) $100,000 UNSECURED. Signed by Judge Nancy Stein Nowak. (kh, ) (Entered: 12/22/2010) |
| 12/21/2010 | 6 | UNSECURED Bond Filed as to Najmeh Vahid in amount of $ $100,000.00. (kh, ) (Entered: 12/22/2010) |
| 12/21/2010 | 8 | WAIVER - Rule 5/Rule 32.1 as to Najmeh Vahid. Defendant waived Identity Hearing. (kh, ) (Entered: 12/22/2010) |
| 12/22/2010 | 9 | Transmittal Letter to District of Oregon - Portland Division as to Hossein Lahiji, Najmeh Vahid (kh, ) (Entered: 12/22/2010) |
| 12/22/2010 | | (Court only) ***Terminated defendant Hossein Lahiji and Najmeh Vahid, no pending deadlines, and motions. (kh, ) (Entered: 12/22/2010) |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | Case Number:  SA:10-M -01170(1, 2) |
| | § | *District of Oregon, Portland Division* |
| vs. | § | *Case No. 10-CR-506-BR* |
| | § | Date:  **December 21, 2010** |
| | § | Time in Court: 3:19 p.m. - 3:35 P.M. |
| (1) Hossein Lahiji | § | SWORN:  ☒ |
| (2) Najmeh Vahid | | |

*Defendant*

## PROCEEDING MEMO - INITIAL APPEARANCE

1.  ☐ Complaint Filed _____      ☒ Arrest Warrant Issued _____
    *Date*

    ☒ Indictment

    ☐ Information

    ☐ Prob Form 12          ☒ Agency _____ **FBI**

    ☒ Arrested   **December 21, 2010**
    *Date*

2.  **COURT PERSONNEL:**
    Magistrate Judge:  **NANCY STEIN NOWAK** _____

    Courtroom Deputy:  **Ruth Guerrero** _____

    Interpreter:  **No** _____

3.  **APPEARANCES:**     For the United States:        **MARK ROOMBERG**

    For the Defendant:   Mike McCrum for dft (1) & Jimmy Parks Jr. for
                         dft (2)  for purposes of this hearing only

    Address: _____

    Phone: _____
          Retained ☒          FPD ☐          CJA ☐

4.  **PROCEEDINGS:**

    a.  ☒ Defendant found competent.

    b.  ☒ Defendant informed of and received copy of charging document.
        Violation:  Count 1: **18 USC 371-Conspiracy to Defraud the U.S.; Count 2:18 USC
                    1956(h)Conspiracy to Commit Money Laundering**

    c.  ☒ Defendant informed of maximum penalty: _____
        **0 year(s) to 5 year(s) / $250,000.00 / 3 SR / $100.00 SA**

4. **PROCEEDINGS: (Continued)**

d. [X] Defendant informed of constitutional rights.

*My constitutional rights have been explained to me.*

Date _____ Signature _____

e. [ ] Defendant informed of right to Preliminary Examination.

set for _____

OR

[X] No right to Preliminary Examination.

Arraignment set for **January 4, 2011 at 1:30 p.m. before Judge Paul Papak in Portland, Oregon**

f. [X] Defendant informed of right to legal counsel.

_____ 1) Defendant waives counsel, **OR**

__X__ 2) Defendant will try to secure counsel and inform court by _____
as to name, address of counsel retained, **OR**

_____ 3) Defendant requests appointment of counsel.

Defendant has completed financial affidavit.

_____ a) Court finds Defendant is financially eligible and orders counsel appointed.

**OR**    Court appoints:

_____ b) Court finds Defendant is financially ineligible and denies request.

Defendant to advise Court by _____ as to name, address of counsel retained.

g. [X] **PRETRIAL RELEASE:**

[ ] 1) Government moved for detention under §3124(f).
Detention Hearing set for: _____

[ ] 2) Court SUA SPONTE "moves" for detention.
Detention Hearing set for: _____

[ ] 3) Temporary detention ordered.
Bond Hearing set for: _____

[X] 4) Court orders Defendant be released on the following conditions:

[ ] a) Personal recognizance.

[X] b) Defendant's bond set at $100,000 _____

[X] which is unsecured.

[ ] which requires _____ % deposit.

[ ] which requires 100% cash/corporate/surety.

[X] Additional conditions of release as set forth in Order Setting Conditions of Release.

[ ] 5) Detention ordered (i.e., Probation Violation).

h. [ ] Temporary commitment issued _____
*Date*

i. ☐ Preliminary Examination continued/reset to _____
   at _____                                    Date
              Time

j. ☐ Preliminary Examination held _____
                                            Date

k. ☐ Probable Cause found _____
   **OR**                          Date

   ☐ No Probable Cause found _____
                                     Date

l. ☐ Defendant held to District Court _____
                                              Date

m. ☐ Defendant dismissed on Government's motion _____
                                                         Date

n. ☐ Final Commitment Issued _____
                                     Date

o. ☐ Arraignment Set _____
                           Date

5. a. ☒ **OTHER PROCEEDINGS** _____ *All further proceedings to be held in the charging*

   *Distsrict of Oregon, Portland Division* _____

   _____

# United States District Court

## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

12-21-10

Clerk, U. S. District Court
Western District of Texas

By _____
Deputy

**UNITED STATES OF AMERICA**

V.

NAJMEH VAHID (2)

**Defendant**

**or**

**In re:** _____

### ORDER SETTING CONDITIONS OF RELEASE OF DEFENDANT OR MATERIAL WITNESS

**Case Number:** SA-10-1170M

District of Oregon, Portland Div. 10-CR-506-BR

IT IS ORDERED that the release of defendant/material witness is subject to the following conditions:

(1) The defendant/material witness shall not commit any offense in violation of federal, state, or local law while on release in this case. The defendant/material witness shall report as soon as possible, to Pretrial Services or supervising officer, any contact with any law enforcement personnel including, but not limited to, any arrest, questioning, or traffic stop.

(2) The defendant/material witness shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) The defendant/material witness shall appear at all proceedings as required and the defendant shall surrender for service of any sentence imposed as directed. The defendant/material witness shall appear at (if blank, to be notified)

U.S. Courthouse, Portland, Oregon   on Tuesday, January 4, 2011 at 1:30PM

Courtroom 10B    Place    DISTRICT COURT ARRAIGNMENT    Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant/material witness be released provided that:

( ) (4) The defendant/material witness promises to appear at all proceedings as required and the defendant promises to surrender for service of any sentence imposed.

(X) (5) The defendant/material witness executes an unsecured bond binding the defendant/material witness to pay the United States the sum of ONE HUNDRED THOUSAND AND NO/100 dollars ($100,000) in the event of failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant/material witness and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant/material witness is subject to the conditions marked below:

( ) (6) The defendant/material witness is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ Phone: _____

who agree (a) to supervise the defendant/material witness in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant/material witness at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant/material witness violates any conditions of release or disappears.

Signed: _____ _____
    Custodian or Proxy    Date

Signed: _____ _____
    Custodian or Proxy    Date

Najmeh Vahid (2)

## Additional Conditions of Release (cont.)

(7) The defendant/material witness shall:

[X] (a) report to Pretrial Services as directed.

( ) (b) report to the _____, telephone number _____ not later than _____

[X] (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $100,000.00

( ) (d) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described _____

( ) (e) execute a bail bond with solvent sureties in the amount of $_____

( ) (f) maintain or actively seek verifiable employment.

( ) (g) maintain or commence an education program.

[X] (h) surrender any passport to Pretrial Services as directed, or _____

[X] (i) obtain no passport.

[X] (j) abide by the following restrictions on his personal associations, place of abode, or travel: travel restricted to the Southern and Western District of TX; no foreign travel

( ) (k) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including, but not limited to: _____ advance approval from Pretrial Service

( ) (l) undergo medical or psychiatric treatment and/or remain in an institution as follows: when leaving the WD/Tx and SD/Tx.

( ) (m) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

( ) (n) reside at a Community Corrections facility as designated by Pretrial Services; abide by all conditions and requirements of the facility until terminated by the facility director or Pretrial Services; and remain in custody until space becomes available, and the Appearance Bond is signed; or, if a material witness, reside with a third-party custodian as approved by Pretrial Services, in lieu of residing at a Community Corrections facility.

( ) (o) refrain from possessing a firearm, destructive device, or other dangerous weapon.

( ) (p) refrain from ( )any ( ) excessive use of alcohol.

( ) (q) refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. Sec. 802 unless prescribed by a licensed medical practitioner.

( ) (r) submit to substance abuse treatment which will include evaluation and testing, as well as education, in-patient or out-patient treatment, and/or participation in support groups (such as AA/NA).

( ) (s) at the discretion of the Pretrial Services, submit to substance abuse treatment which may include evaluation, testing, education, in-patient or out-patient treatment, and/or participation in support groups (such as AA/NA).

( ) (t) the defendant shall submit to any method of testing required by the Pretrial Services Office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (u) have installed on your vehicle an ignition interlock system as directed by Pretrial Services; drive no other vehicle while on pretrial release; abide by all conditions and requirements of the ignition interlock system program; and not disconnect the ignition interlock system without prior permission from Pretrial Services.

( ) (v) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. Location verification systems require that you maintain a telephone at your residence without "call waiting," a modem, "call forwarding," "caller ID" or cordless telephones; wear a tracking device as directed by Pretrial Services and follow all procedures specified by Pretrial Services, and comply with all conditions and requirements of the "Home Confinement Program."

( )(i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by Pretrial Services or supervising officer.

( )(ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or supervising officer.

( )(iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or supervising officer.

( ) (w) The following person(s) sign as surety on the Appearance Bond: _____

( ) (x) travel to Portland allowed for court purposes with prior

( ) (y) notification to PTS; otherwise approval of PTS required

( ) (z) prior to travel

( ) (aa) _____

( ) (bb) _____

WHITE COPY - COURT    YELLOW - DEFENDANT/MATERIAL WITNESS    PINK - U.S. MARSHAL

(8)    IT IS FURTHER ORDERED that the defendant/material witness shall be responsible for any costs of participation in court-ordered programs based on his/her ability to pay as determined by Pretrial Services, and make timely payment if required by any "Order Directing Payment of Attorney's Fees".

(9)    IT IS FURTHER ORDERED that if the Court has ordered herein any testing, such as substance testing, or monitoring, such as electronic monitoring, the defendant/material witness shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of such testing and devices.

## Advice of Penalties and Sanctions

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a victim, witness, or informant; or to intimidate or attempt to intimidate a victim, witness, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

**DEFENDANTS:**

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, you shall be fined not more than $250,000 or imprisoned for not more that 10 years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than 15 years or more you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

**MATERIAL WITNESSES:**

If after release, you knowingly fail to appear as required by the conditions of release, you may be prosecuted for failing to appear and may be fined not more than $100,000 and imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant/Material Witness

I acknowledge that I am the defendant/material witness in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the sanctions and penalties set forth above.

**AGREED, IF APPLICABLE**

_____
Signature of Defendant/Material Witness

AS APPROVED AND ON FILE WITH PRETRIAL SVCS.

Address

_____
Assistant U.S. Attorney

_____
City and State                    Telephone

_____
Attorney for Defendant/Material Witness

_____
Social Security Number

_____
Date of Birth

## Directions to United States Marshal

( X )    The defendant/material witness is ORDERED released after processing.

(   )    The United States marshal is ORDERED to keep the defendant/material witness in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant/material witness shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: December 21, 2010    _____
United States Magistrate Judge

AO 98A (Rev. 11/07) Appearance and Compliance Bond

Clerk, U. S. District Court
Western District of Texas
By _____
                    Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | **APPEARANCE AND COMPLIANCE BOND** |
| | § | |
| vs. | § | Case Number: SA:10-M -01170(2) |
| | § | |
| (2) Najmeh Vahid | § | |
| | § | |
| *Defendant* | | |

**[X]**    Non-surety: I, the undersigned defendant acknowledge that I and my........

**[ ]**    Surety: We the undersigned, jointly and severally acknowledge that we and our........

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of **$100,000 UNSECURED**, and there has been deposited in the Registry of the Court the sum of $ in cash or (describe other security).

The conditions of this bond are that the defendant **(2) Najmeh Vahid** is to (1) appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred; (2) comply with all conditions of release imposed by the court, and (3) abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review), which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond signed on 21st day of December, 2010 at U.S. District Court, 655 East Durango Blvd., San Antonio, TX 78206.

Defendant: _____

Surety: _____

Surety: _____

Signed and acknowledged before me on    21st day of December, 2010 .

**NANCY STEIN NOWAK, U.S. MAGISTRATE JUDGE**
*Judicial Officer/Clerk*

Bond Approved: _____

12/21/10

Clerk, U. S. District Court
Western District of Texas

By _____
Deputy

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | **WAIVER OF RULE 5 HEARINGS** |
| | § | **(Excluding Probaton Cases)** |
| vs. | § | |
| | § | Case Number:  SA:10-M -01170(2) |
| (2) Najmeh Vahid | § | |
| | § | *Ref: 10-CR-506-BR* |

I **(2) Najmeh Vahid**, understand that in the **DISTRICT OF OREGON, PORTLAND** charges are pending alleging violation of **Conspiracy to Defraud the U.S.; Conspiracy to Commit Money Laundering; Forfeiture** and that I have been arrested in this district and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim.P., (note: Rule 20 is NOT applicable to Revocation of (a)Terms of Supervised Release, (b)Probation, (c)Parole, or (d)Bond proceedings) in order to to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(✗) Identity Hearing

( ) Preliminary Examination

( ) Identity Hearing and I have been informed I have no right to a Preliminary Examination

( ) Identity Hearing but request a Preliminary Examination be held in the prosecuting district

and therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____12/21/10_____          _____
Date                                                          Defendant

                                                              _____
                                                              Defense Counsel