UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,                    Criminal Case No. 3:10-CR-00506-KI

Plaintiff,                                                        ORDER

v.

**HOSSEIN LAHIJI; NAJMEH VAHID;
AND AHMAD IRANSHAHI, a.k.a.
"Farhad,"**

Defendants.

S. Amanda Marshall
United States Attorney
District of Oregon
Charles F. Gorder, Jr.
David L. Atkinson
Assistant United States Attorneys
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

Attorneys for Plaintiff

Page 1 - ORDER

Michael W. McCrum
700 N. St. Mary's Street
Suite 1900
San Antonio, TX 78205

       Attorney for Defendant Lahiji

Joe A. Cisneros
The Cisneros Law Firm, LLP
312 Lindberg Ave.
McAllen, TX 98501

       Attorney for Defendant Vahid

KING, Judge:

Defendants Hossein Lahiji and Najmeh Vahid (as well as fugitive Ahmad Iranshahi) are charged in a two-count Indictment. The first count alleges a "Klein" conspiracy–that defendants defrauded the United States by "impeding, impairing, obstructing, and defeating" the Office of Foreign Assets Control ("OFAC") in the administration and enforcement of the Iranian embargo (imposed pursuant to the International Economic Emergency Powers Act–"IEEPA"). Indict. ¶ 12(1); United States v. Klein, 247 F.2d 908, 915 (2d Cir. 1957). It also charges defendants with defrauding the United States by "impeding, impairing, obstructing, and defeating" the IRS "by deceitful or dishonest means in the oversight of organizations exempt from income tax under Section 501(c)(3) of the Internal Revenue Code and in the ascertainment, computation, assessment and collection of the revenue, that is, income taxes[.]" Id. at ¶ 12(2).

The second count charges defendants with conspiracy to commit money laundering. Specifically, they are charged with transporting, transmitting, and transferring monetary instruments and funds from a place in the United States to and through a place outside the United

Page 2 - ORDER

States with the intent to promote the carrying on of specified unlawful activity–a violation of the Iranian embargo.  Id. at ¶ 21.

Pending before the Court are approximately twenty motions filed by defendants Lahiji and Vahid.  Oral argument initially set for October 1 is now stricken based on the defendants' and the government's agreement to submit many of the motions on the briefs.

**I.      Rulings on Motions Submitted on the Briefs**

The Court rules as follows:

**Government's Motion for Reciprocal Discovery [92]** is granted.

**Motion for Disclosure and Production of Jencks Act Material [99]** is denied as moot based on the government's agreement.  The due date is 12/21/12, or as agreed by the parties.

**Motion to Discover Criminal Records of Witnesses [100]** is denied as moot based on the government's agreement.  The due date is 12/21/12, or as agreed by the parties.

**Motion to Require the Government to Disclose Any Agreement Entered into Between the Government and Any Prosecution Witness [101]** is denied as moot based on the government's agreement.  The due date is 12/21/12, or as agreed by the parties.

**Motion for Notice of 404(b) Evidence [102]** is denied as moot based on the government's agreement.  The due date is 12/21/12, or as agreed by the parties.

**Motion for Leave to File any Additional Motions; Motion to Adopt Motions Filed by Defendant Lahiji; Motion Requesting Submission of Defendant's Jury Instructions and Voir Dire [104]** is denied in part and granted in part.  Other than motions in limine (which are due 12/21/12), the Court denies the motion for leave to file any additional motions.  The motion

Page 3 - ORDER

to join defendant Lahiji's motions is granted.  The motion for permission to submit jury

instructions and voir dire is denied as moot; the date has already been set for 12/21/12.

**Motion for Authorization to Adopt Motions Filed by Co-Defendant Vahid [112]** is

granted.

**Motion to Dismiss Conspiracy Counts One & Two [110]** is denied.  The government

has filed a supplemental explanation of its Indictment identifying whose income taxes are at

issue, the government has explained the conspiracy alleged in the Indictment and has eliminated

any concern about a multiplicitous Indictment.  If defendants remain troubled at trial, they may

request an appropriate jury instruction.

**Supplemental Pleading to Vahid's Motion to Dismiss the Indictment [106]** is denied.

The Indictment is not flawed in the ways claimed by defendants.

**Motion to Dismiss or in the Alternative for a Bill of Particulars [94]** is denied.  The

Indictment alleges sufficient detail about the charges, making dismissal unwarranted.  The

defendants fail to persuade me that a Bill of Particulars is necessary since the Indictment names

the alleged co-conspirators, gives the dates on which the alleged conduct occurred, and identifies

the overt acts supporting the government's conspiracy theory.

**Motion to Strike Prejudicial, Inflammatory Surplusage from Indictment [96]** and

**Motion to Strike Surplusage from Indictment [107]** are denied.  Pursuant to Federal Rule of

Criminal Procedure 7(d), defendants ask me to strike language from the Indictment that they

believe is inflammatory, prejudicial, and irrelevant.  The court has broad discretion to strike

surplusage from an indictment.  However, even if language is somewhat prejudicial to a

Page 4 - ORDER

defendant, it should not be stricken if it is relevant and material to the charges. United States v.

Terrigno, 838 F.2d 371 (9th Cir. 1988). The government has redacted many of the allegations in

the Indictment related to fugitive defendant Iranshahi. The government has adequately explained

how the remaining paragraphs are relevant to its theory of the case, as follows:

Manner and Means Allegations

Paragraph 8 provides context for the embargo; Paragraph 9 contains the specific statutory

prohibitions, all of which the government intends to show were violated by defendants;

Paragraphs 10 and 16 are relevant to the government's allegation that defendants intended at least

$200,000 of their donations to be transferred to Ayatollah Shirazi, a cleric who allegedly

supported Hizballah and the Islamic Republic of Iran; Paragraph 13 provides background

information on Child Foundation; and Paragraph 18 is directed at the cover up undertaken by

defendants' co-conspirators.

Overt Acts Allegations

Paragraphs 13, 15, 19, 32, 37, 39-42, 44-47, 51, 52, 55, 57, 59, 62, 63, 65, and 67 contain

allegations relevant to the government's theory that the defendants engaged in a conspiracy to

defraud the United States by evading the Iran embargo, and defrauded the IRS by exaggerating

their claims of charitable tax deductions on their income tax returns. The allegations contained

in these paragraphs relate to the actions of defendants' co-conspirators, who allegedly provided a

means for defendants to evade the embargo and avoid enforcement actions; the government is

entitled to try to prove that these acts were either within the scope of the alleged conspiracy or

were a reasonably foreseeable act by a co-conspirator.

Page 5 - ORDER

Defendants may renew their argument regarding relevancy prior to trial if they believe the government's evidence does not support the allegations.

**Motion to Dismiss Indictment–Regulatory Scheme Unconstitutionally Vague [111]** is denied.  Defendants challenge the IEEPA and the regulations issued pursuant to that statute as vague.  Defendants specifically target Paragraph 15 of the Indictment, which alleges defendants violated the embargo by retaining "an interest and control" in accounts in Iran and by using funds to "purchase and maintain real property in Iran, establish new investments in Iran, and acquire services in Iran."  Although the cited regulations prohibit any "new investment" in Iran, defendants question whether an interest in a private bank account, with no money going to support the country of Iran, constitutes an "investment in Iran."  Defendants also challenge whether giving money to a charity for children constitutes a prohibited "acquiring of services in Iran" or whether the purchase of a building for a charitable purpose is prohibited.

"To satisfy due process, 'a penal statute must define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement.'"  Skilling v. United States, 130 S. Ct. 2896, 2927-28 (2010) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)).

The regulation to which defendants refer expressly states, "[A]ny new investment by a United States person in Iran or in property (including entities) owned or controlled by the Government of Iran is prohibited."  31 C.F.R. § 560.207.  A "new investment" is defined to mean "[a] commitment or contribution of funds or other assets; or [a] loan or other extension of

Page 6 - ORDER

credit . . . ." 31 C.F.R. § 560.316. Where the government's theory is that defendants, partly for their own benefit, smuggled money to Iran through Child Foundation, placed money in an Iranian bank account, purchased property in Iran, and gave money to Ayatollah Shirazi, I reject defendants' argument that the regulations do not adequately spell out what was prohibited, or that the statute and regulations do not appropriately confine enforcement efforts. The regulation does not require that the funds support the country or the government of Iran. The regulation is sufficiently clear to alert defendants to the prohibited conduct. Compare also 31 C.F.R. § 560.204 (prohibition on the exportation of "goods, technology, or services" to Iran), with 31 C.F.R. §560.210(b) (exempts "donations by United States persons of articles, such as food, clothing and medicine, intended to be used to relieve human suffering").

Admittedly, the regulatory scheme is somewhat complicated. Nevertheless, the government will have to prove beyond a reasonable doubt that defendants "knew [they] were acting unlawfully." United States v. Mousavi, 604 F.3d 1084, 1094 (9th Cir. 2010). The government's burden tends to mitigate any vagueness concerns. United States v. Zhi Yong Guo, 634 F.3d 1119, 1123 (9th Cir. 2011).

**Motion to Compel Disclosure [108]** is denied except to the extent any additional discovery is warranted after the Court's review of the government's CIPA filing. Defendants seek to compel disclosure of additional recordings they believe exist based on their cellular telephone bills. The Indictment covers conduct occurring between May 1995 and July 2008. The government asserts it has made available all known existing recordings from within the previously disclosed window of surveillance–September 8, 2004 through May 19, 2005. It has

Page 7 - ORDER

adequately explained how it is possible other recordings may not have been captured, assuming one or more of the defendants' cell phones were targeted. With respect to communications outside the disclosed window of surveillance, the government asked the FBI to search for any further recordings from May 1, 1995 to January 1, 2011. No additional interceptions pursuant to a "Title III wiretap" were found. The government has responded in a CIPA filing regarding the existence, if any, of additional FISA surveillance. I will separately address the government's CIPA filing in a subsequent order.

## II.    Additional Briefing Requested

The Court requests defendants submit further briefing on their **Motion to Suppress Statements of Defendant Whether in the Form of Written or Oral Confessions, Statements Against Penal Interest and/or Admission of Guilt and Request for a Jackson v. Denno Hearing [103]** explaining why any statements were obtained in violation of Miranda and why they are entitled to a Jackson-Denno hearing.

In addition, the Court requests further briefing from defendants on their **Motion for Discovery and Inspection of Evidence [98]** identifying which categories of discovery remain unresolved, other than the FISA-related issues the government intends to address later.

Based on previous agreement from the defendants, this further briefing is due 10/1/12.

## III.    Motions Remaining for Resolution

The Court notes the following motions remain for resolution, pending the government's responses on FISA-related issues due 10/29/12: Motion for Discovery of Classified Materials [97]; Motion to Declare Unconstitutional the Classified Information Procedures Act & Motion to

Page 8 - ORDER

Compel Disclosure of Classified Discovery [109]; Motion to Suppress [113]; and Motion to

Suppress [95].

IT IS SO ORDERED.

DATED this _____1st_____ day of October, 2012.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge