IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,              )
                                       )
            Plaintiff,                 ) No. 3:10-cr-506-KI
                                       )
       vs.                             ) January 7, 2013
                                       )
HOSSEIN LAHIJI (1),                    ) Portland, Oregon
NAJMEH VAHID (2),                      )
                                       )
            Defendants.                )
-------------------------------

**STATUS CONFERENCE**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE GARR M. KING

UNITED STATES DISTRICT COURT JUDGE

2

APPEARANCES

FOR THE PLAINTIFF:    Charles F. Gorder, Jr.
                      David L. Atkinson
                      Assistant United States Attorneys
                      U.S. Attorney's Office
                      1000 S. W. Third Avenue
                      Suite 600
                      Portland, OR  97204

FOR THE DEFENDANT
HOSSEIN LAHIJI:       Michael W. McCrum
                      Attorney at Law
                      700 N. St. Mary's Street
                      Suite 1900
                      San Antonio, TX  78205

FOR THE DEFENDANT
NAJMEH VAHID:         Joe A. Cisneros
                      The Cisneros Law Firm, LLP
                      312 Lindberg Avenue
                      McAllen, TX  78501

ALSO PRESENT:         David H. Angeli

COURT REPORTER:       Nancy M. Walker, CSR, RMR, CRR
                      United States District Courthouse
                      1000 S. W. Third Avenue, Room 301
                      Portland, OR  97204
                      (503) 326-8186

P R O C E E D I N G S

THE COURT:  All right.  You can call the case, Mr. Gorder.

MR. GORDER:  Thank you, Your Honor.

Good afternoon.  Charles Gorder and David Atkinson for the United States.  Your Honor, this is the time set for a stipulated facts trial in the case of United States versus Hossein Lahiji and Najmeh Vahid, Case No. 10-506.  Both defendants are present, with their attorneys, Mr. McCrum and Mr. Cisneros.

Your Honor, I'm sorry to report that the agreement that we believed that we had to resolve this case and the case in Texas via a stipulated facts trial last week, when we set this before Your Honor, is not going to happen.  And I just will state for the record that it's through no fault of counsel, I think either for the Government or the defense.  I appreciate the efforts that the other side has made in trying to resolve this case.

However, this is the second time that this has happened, and we've made it clear to the defense, and our colleagues in Texas have done the same:  We will not be negotiating the case any further.  So what we're looking for is a firm trial date, if we can get that from the Court.

The last time we had a phone conference with you, the parties had discussed beforehand asking for a trial date sometime in the first two weeks of June, and I guess the Government would request that if we could get that now, we'd appreciate it.

THE COURT:  What about the trial date in Texas? Is there a trial date set on the Texas case?

MR. McCRUM:  I believe so, Judge.  I think it's in April.  Counsel says it's April 26th.  That sounds right.

THE COURT:  April 26th.

THE LAW CLERK:  It's March 26th.

MR. McCRUM:  If I can check the calendar --

THE COURT:  The last date we saw was March 25th, I believe, or 26th.  I'm not sure.

MR. McCRUM:  March 25th, Judge, Monday, March 25th.

THE COURT:  All right.  And that's before Judge Herman?

MR. McCRUM:  Yes, Judge.

THE COURT:  Well, this is unfortunate, but we'll proceed appropriately.  Basically what I'm going to do at this point is set the case for trial.

MR. CISNEROS:  May I address the Court, Your Honor?

THE COURT:  I'm sorry?

MR. CISNEROS:  May I address Your Honor?

THE COURT:  Yes, you may.

MR. CISNEROS:  I'm Joe Cisneros and I represent Ms. Vahid in the case.

I have been having health problems. Apparently -- I don't want to discuss the details of what my health problems are today, but I think the Court is aware of some of those problems I've had.  And I don't know how I'll be feeling in the next few months.  I'm having problems with shortness of breath because my left diaphragm apparently is paralyzed and my left lung is not functioning like it should.

I have explained this to my client.  We do not want to delay this case any more than it has to be delayed.  It's been delayed in the past, and the Court is about ready to set a trial date in the case.

My client has contacted an attorney from Portland.  You know him well, David Angeli.  He is here with us today.  She plans to retain Mr. Angeli in the case, and I think properly so.

I would hate to come in two or three months later with a motion that we cannot continue in the case, and we don't want to do that.  So taking that into consideration, I would like for the Court to consider the

fact that Mr. Angeli may well be coming into the case.

And I do not know whether or not the Government is going to object to his getting involved in the case at this time, but if the Court would care to ask the Government a question in that regard, I would appreciate it.  And, also, if the Court wants to inquire of Mr. Angeli, anything that he may have to provide the Court with, I would also appreciate it.

THE COURT:  Well, the Court is going to set a trial date.  If Mr. Angeli has a problem with that trial date, he can indicate that to the Court, and the Court can take appropriate action.

At this point, you're still the attorney of record, Mr. Cisneros.

MR. CISNEROS:  Yes.  Yes, Your Honor.

THE COURT:  And I assume you'll be the attorney until you've withdrawn and a new attorney is appointed or --

MR. CISNEROS:  Well, I don't plan to withdraw. If by chance I continue in fairly good health, I will continue in the case, and I want to continue in the case.

THE COURT:  Well, let me ask, Mr. Cisneros, you're here in the courtroom?

MR. McCRUM:  Mr. Angeli, Your Honor, you're referring to?

THE COURT:  I'm sorry.  I missed that. Mr. Angeli, yes.

Mr. Angeli, you've heard the representations of Mr. Cisneros regarding your being retained to represent Ms. Vahid in the case.  What is your understanding of the situation at this point?

MR. ANGELI:  Good afternoon, Your Honor.  I think Mr. Cisneros accurately captured it.

Judge, you'll recall that I also represented Dr. Mehrdad Yasrebi in a related case to this one that Your Honor had for sentencing last March.  In preliminary conversations with Mr. Gorder -- although I spoke with him about this for the first time this afternoon, so I think neither of our positions is locked in stone yet -- my understanding is the Government would take the position that my prior representation of Dr. Yasrebi precludes my participation in this case.

I don't agree with that.  But that may be, depending on whether the Government moves to exclude us, the subject of a motion before Your Honor.

THE COURT:  Well, I'm going to require them to file that motion soon, so that we can resolve the issue.

MR. ANGELI:  And I think, Judge, the first step would probably be for me to enter an appearance in the case.  I need to just secure the appropriate waivers both

from Dr. Yasrebi and Ms. Vahid.  After we enter the appearance, the Government will or won't file the motion.

THE COURT:  Do that quickly, if you will.

MR. ANGELI:  We will, Your Honor.

THE COURT:  All right.

MR. ANGELI:  The only other thing I would say, since Your Honor inquired, I do have a trial -- another matter set in Kansas, a three-week trial in June.  So as I said to Mr. Cisneros and to the client, if it would be at all possible for Your Honor --

THE COURT:  How long has that case been pending?

MR. ANGELI:  That case has been pending for three years.

THE COURT:  Is it in state or federal?

MR. ANGELI:  It's in federal court in Wichita, Kansas.

THE COURT:  All right.  Thank you.

MR. ANGELI:  Thank you, Your Honor.

THE COURT:  All right.  Mr. Gorder, as you said, this is the time said for a status conference.  There are pending motions at this point.  The Government's response to the motions is due January 10th.  Did you want additional time?

MR. GORDER:  No, Your Honor.  We intend to file our response with that deadline.  We've been working on

it for several weeks, and it's back in Washington being finalized this week.

THE COURT:  All right.

MR. GORDER:  So at this point I expect to meet that deadline.

THE COURT:  All right.  Well, this Court is going to decide that motion, regardless of whether I keep the case for trial.  And as I've indicated previously, there is no need for oral argument and no need for a reply.  So as soon as the response is in, we'll address that and get you an opinion fairly shortly on the case.

Now, let's talk about the trial date.  Counsel for the Government mentioned June.  You heard the indication that perhaps June might not work.  What do you suggest?  We can set it for June and see whether there is a problem or not.

MR. GORDER:  Can I inquire of Mr. Angeli, when is your June trial?

MR. ANGELI:  I believe it's at the very beginning part of June, Mr. Gorder, and would take us through the end of June.

Obviously, if possible, I'd prefer not to walk directly from the courthouse in Wichita straight into this one, but --

MR. GORDER:  Well, Your Honor, we could either

move it up into the middle of May -- I think the Government could be ready at that point -- or, you know, we would ask as early in July as possible. And I'll just tell the parties, I have something scheduled at the beginning of the first of August that would require me to get divorced if I missed it.

THE COURT: Well, let's take a look at May. My calendar is not bad in May. It's pretty clear. And it's possible this will be sent to another judge.

So I can set it in May. Do you have any particular -- how long do you think it will take to try?

MR. GORDER: We've been estimating two weeks, Your Honor.

THE COURT: Okay.

MR. McCRUM: Judge, I have a special setting in May, just to the extent that's relevant for the Court's consideration.

THE COURT: Well, I want to set this as soon as possible.

MR. McCRUM: I understand.

THE COURT: I don't want to -- I'm concerned about the delay and the reasons for the delay.

And so where is your case in May?

MR. McCRUM: In San Antonio, Texas. It's anticipated to be a two- to three-week trial.

THE COURT: All right. I've got available the first two weeks of June, June 4th and 11th. I'll set it during those two weeks, starting the 4th of June and set for two weeks, through the 14th.

Okay. Anything else?

MR. GORDER: Not on behalf of the Government, Your Honor.

THE COURT: I'm sorry. You said?

MR. GORDER: The only thing, Your Honor, would be the schedule for trial documents and that sort of thing.

THE COURT: Okay. I've got a schedule here.

Well, we'll send you out a letter with a schedule for the trial documents.

I want to make certain that we don't have any issue about speedy trial rights. Do you want to go on the record about that, Counsel?

MR. McCRUM: That would be fine, Judge. I know that both of us have -- me and Mr. Cisneros have discussed speedy trial issues with our clients, their right to a speedy trial under the Constitution as well as statute. They understand the other dynamics that are affecting the trial settings, and they have agreed to waive those speedy trial rights. They're agreeable to a trial setting in June or July, depending on what the Court's schedule would allow.

THE COURT: All right. Mr. Cisneros?

MR. CISNEROS: I just want to remind Your Honor that during the last telephone conference with Your Honor, I informed the Court that there are a lot of documents by way of evidence that -- some of which are apparently -- there are documents that have been declassified, and some have not been declassified.

But, for example, the FBI has informed me, through Agent Jenkins, that I'll probably have to go through a total of 600 hours to review all of those documents, which include intercepted telephonic communications, e-mails, and so forth. That means it's a total of 15 weeks that I would have to sit there and go through all of that information.

The reason we had not done that is because we felt very confident that we were going to have a plea agreement and it would not be necessary for me to go through those documents and that information.

And, in addition to that, I think Mr. Atkinson informed us -- I think December 4th -- that he -- that they here in Portland have information that we need to also go through that would entail quite a bit of time.

So it's a lot of discovery that we need to go through to determine whether or not there's anything that the Government has that will benefit us in the process of

defending our clients. And so it may be -- it may be necessary that if you set this case for trial along, say, in May, June, July, that a motion for continuance may come along, because I'm simply indicating to the Court -- forewarning the Court that there is just too much evidence to go through in that period of time.

THE COURT: Well, I want to interrupt you. I hear what you're saying about that. But we're talking about a speedy trial right. And does your client waive her speedy trial right to the point where we can move this case to a trial date in June?

MR. CISNEROS: Yes, Your Honor.

THE COURT: All right. Now, as far as the timing on this, I'm very concerned about delay in this. There may be reasons for the delay that are something other than preparing for trial, and so I think if you're going to be involved in the case, you'd better plan on doing your stuff and getting the discovery done and the trial preparation and getting ready for trial on this case.

MR. CISNEROS: Luckily --

THE COURT: I just want this as a matter of record, so that you understand that.

MR. CISNEROS: Yes, Your Honor.

THE COURT: This case has been delayed too long at this point. A great deal of time and effort has been

put into the attempts to resolve it.  It did not resolve, so we're going to trial, and that will happen in June.

MR. CISNEROS:  In June.  Thank you.

THE COURT:  You understand that?

MR. CISNEROS:  Yes, I do.

THE COURT:  Okay.  Thank you.

Anything else, Mr. Gorder?

MR. GORDER:  No, Your Honor.  Thank you.

THE COURT:  Anything else that we need to cover?

MR. McCRUM:  No, sir.  Thank you.

THE COURT:  Okay.  Thank you.

By the way, Judge Papak -- I discussed with him the fact that he spent this time on it and unfortunately it didn't work out.  So I do appreciate the efforts he made.  I will not ask him to take any further action on this case.

Thank you.

(Proceedings concluded.)

--oOo--


        I certify, by signing below, that the

   foregoing is a correct transcript of the record

   of proceedings in the above-titled cause.  A

   transcript without an original signature,

   conformed signature or digitally signed signature

   is not certified.



   */s/ Nancy M. Walker                    2/1/13*
   _____     _____
   NANCY M. WALKER, CSR, RMR, CRR        DATE
   Official Court Reporter
   Oregon CSR No. 90-0091