UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

UNITED STATES OF AMERICA             §
                                     §
                                     §     CASE NO. 3:10-CR-506 KI
V.                                   §
                                     §
                                     §
HOSSEIN LAHIJI                       §
NAJMEH VAHID

### DEFENDANTS' JOINT MOTION TO RECONSIDER STRIKING PREJUDICIAL, INFLAMMATORY, SURPLUSAGE FROM INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANTS HOSSEIN LAHIJI and NAJMEH VAHID, by and through their respective attorneys (by permission of Defendant Vahid and her attorney, Mr. Cisneros, Defendant Hossein Lahiji is filing this motion on behalf of both defendants), and brings this Motion to Reconsider Striking Prejudicial, Inflammatory Surplusage from Indictment.

I.
BACKGROUND

On July 6, 2012, Defendants filed their Motion to Strike Prejudical, Inflammatory Surplusage from Indictment. *See* Docket Entry Nos. 96 & 107. Defendant's motion was denied, but the court indicated that defendants could renew their argument prior to trial if defendants believed that the government's evidence does not support the allegations. *See* Docket Entry No. 134, p. 6.

The government has produced a significant amount of additional discovery and notice via its trial documents that it intends to introduce evidence of terrorism relative to the country of Iran and the history of what led to the imposition of federal embargo laws, including the International Emergency Economic Protection Act. This evidence focuses on terroristic activity that has no

bearing to the facts of this case. What is missing from the evidence, however, is proof that evidence of the inflammatory language in the indictment is relevant to the charge filed against the defendants.

Mention of these matters should be barred from evidence and struck from the indictment as they are immaterial and irrelevant to the instant case and introduce extremely inflammatory information to the jury. Defendants file this Motion to Reconsider Striking Prejudicial, Inflammatory Surplusage from Indictment to prevent the jury from hearing irrelevant, prejudicial, and inflammatory statements and to ensure Defendants receive a fair trial guaranteed by the Sixth Amendment of the United States Constitution.

II.
UNNECESSARY, PREJUDICIAL PORTIONS OF INDICTMENT

Several paragraphs of the Indictment filed in the instant case contain prejudicial, inflammatory language that is irrelevant and immaterial to the charges against the defendants. In Count One of the Indictment, defendants are charged with Conspiracy to Defraud the United States by participating in an unlawful conspiracy to impede, impair, obstruct and defeat the lawful functions of the Office of Foreign Assets Control in the administration and enforcement of the "Iranian embargo" described in paragraphs 8, 9 and 10 of the Indictment. These paragraphs contain language that is immaterial and unnecessary to proving the elements of the crime charged, yet is substantially prejudicial and inflammatory to the defendants.

*A. Paragraph 8.*

Paragraph 8 contains seven (7) sentences. For ease of reference in this motion, the sentences are numbered and separated:

> *(1) The President of the United States, by virtue of an Act of Congress known as the International Emergency Economic Powers Act ("IEEPA"), is granted authority to impose trade restrictions, sanctions, and embargos to **deal with***

2

> ***unusual or extraordinary threats to the national security*** *and foreign policy of the United States.*
> *(2) The President's formal directives in this regard are issued through Executive Orders which have the force and effect of law.*
> *(3) On March 15, 1995 President Clinton **declared a national emergency** with respect to Iran, finding that the policies and actions of the Government of Iran **constituted a threat to the national security** of the United States due to **Iran's support of international terrorism**, its efforts to undermine the Middle East peace process, and its **attempts to acquire weapons of mass destruction**.*
> *(4) On May 6, 1995, President Clinton issued Executive Order 12959, which imposed **sweeping restrictions** on trade and financial transactions with Iran extending to goods, services, and technology.*
> *(5) The Executive Order included restrictions on the financing, brokering, or facilitation of prohibited transactions by U.S. persons (hereafter the "Iranian Embargo" or "embargo").*
> *(6) On August 19, 1997, the President issued Executive Order 13059, which clarified and consolidated the provisions of the previous executive orders **imposing trade sanctions against Iran**.*
> *(7) The Executive Orders empowered the Secretary of Treasury to promulgate regulations and take other action necessary to fully realize the purposes of the relevant Executive Orders.*

Emphasis added.

For purposes of meeting the elements of the crime charged against defendants, the jury need only know that the indictment charges that (1) certain Executive Orders were issued which have the force and effect of law, and (2) defendants conspired to violate said orders. Several of the sentences in Paragraph 8, however, present prejudicial and inflammatory language that substantially exceed that which is necessary for the jury to make its decision. Specifically, the government has included the following phraseology in Paragraph 8:

> * *"unusual or extraordinary threats to the national security and foreign policy of the United States";*
> * *"declared a national emergency with respect to Iran";*
> * *"threat to the national security of the United States due to Iran's support of international terrorism";*
> * *"efforts to undermine the Middle East peace process";*
> * *"attempts to acquire weapons of mass destruction"*

There is no evidence in this case that will seek to prove defendants participated in any act that was designed in part or full to promote terrorism, undermine the Middle East peace process, acquire weapons of mass destruction, or otherwise pose a threat to national security and foreign policy. More importantly, such concepts are not only irrelevant and immaterial to the acts and transactions made the basis of this case, but are "lightning rod" phrases that will not only arouse fear in the jury but will undoubtedly inflame their deliberations and consideration of the evidence.

The words highlighted in bold and underlined print above are inflammatory, immaterial surplusage that should be struck from the indictment. Notably, the government did not include most of the emboldened language above in a charging instrument filed in a related case. As this Court is aware, Mehrdad Yasrebi pled guilty to the same offense charged against defendants Lahiji and Vahid. A copy of the Superseding Information charging Mr. Yasrebi is attached as Exhibit A (referred to in this motion as the "Yasrebi Information"). Paragraph 8 of the Yasrebi Information is similar to Paragraph 8 of the Indictment filed in the instant case (i.e., the "Lahiji Indictment"). Paragraph 8 of the Yasrebi Information, however, omits sentences contained in Paragraph 8 of the Lahiji Indictment, sentences numbered (2), (3) and (4), above. Additionally, the Yasrebi Information omits the language set forth in Paragraph 10 of the Lahiji Indictment, addressed below. Clearly, if such language was not necessary to sustain a plea of guilty from Mr. Yasrebi, it is not necessary in the prosecution of defendants Lahiji and Vahid in the instant case.

### B. Paragraph 9.

The third sentence of Paragraph 9 of the Indictment contains the following clauses which do not apply to the evidence or charges filed against the defendants:

> *Unless a license were* [sic] *obtained, the regulations prohibited United States persons from (among other things):*

4

> *(1) engaging in transactions that evaded or avoided, or had the purpose of evading or avoiding, the Iranian embargo (31 CFR §§ 560.203);*
> *(2) exporting or re-exporting goods or services to Iran (31 CFR §§ 560.204 and 560.205);*
> *(3) engaging in or facilitating transactions related to goods or services of Iranian origin, or owned or controlled by the Government of Iran (31 CFR §§ 560.206);*
> *(4) making any new investment in Iran or in property owned or controlled by the Government of Iran (31 CFR § 560.207);*
> *(5) facilitating transactions by a foreign person that would be illegal if performed by a United States person or in the United States ( 31 CFR § 560.208); and,*
> *(6) trading in, exporting, or re-exporting bulk agricultural commodities for resale in Iran or to the Government of Iran (31 CFR § 560.30).*

Sentences numbered (2), (5) and (6) address regulations that are completely inapplicable to the charges in the instant case. Particularly because of the current status between the United States and Iran, repetitive mention of prohibited activities is inherently prejudicial and inflammatory. Such mention of these regulations is unnecessary in the instant case, and serve no purpose other than to create an atmosphere of fear and prejudice with respect to all transactions involving the county of Iran.

In its order, the Court correctly indicates that language that is "somewhat prejudicial" to a defendant does not necessarily need to be stricken. *See* Docket Entry No. 134, p. 4-5. Defendants respectfully argue, however, that much of the language in paragraphs 8 through 10 are extremely prejudicial to defendants, in addition to being immaterial to the elements that the government must prove to convict the defendants. Additionally, the Court indicates that the language of Indictment paragraph 8 provides context for the embargo and paragraph 9 contains specific statutory prohibitions, "***all of which*** the government intends to show were violated." *Id.* at 5.   We respectfully argue, however, that the context in which a statute was enacted is immaterial and irrelevant, and

5

serves only to unlawfully and inappropriately bolster the government's case with immaterial information.

### C. Paragraph 10.

Paragraph 10 of the Indictment contains four (4) sentences. For ease of reference in this motion, the sentences are numbered and separated:

> *(1) Grand Ayatollah Makarem Shirazi was an Iranian cleric and a supporter of Hizballah and the Islamic Republic of Iran.*
> *(2) In addition to the embargo discussed above, Iran was designated as a State Sponsor of Terrorism by the United States Department of State in 1984.*
> *(3) The United States Treasury Department listed Hizballah as a Specially Designated Terrorist since 1995, and a Specially Designated Global Terrorist since 2001.*
> *(4) The United States Department of State designated Hizballah as a Foreign Terrorist Organization in 1997.*

The entire language of Paragraph 10 is irrelevant and immaterial to the evidence and charges in the instant case. As noted above, this paragraph was omitted entirely from the Yasrebi Information. There is no evidence that could be offered by the government to prove that any money reached this Ayatollah or that either defendant intended that any funds reach said Ayatollah. Moreover, the government's own proferred expert indicates that Khoms is to be paid to the ayatollah that is followed by the payor; in this case, there is no evidence that the defendants followed Ayatollah Shirazi, and in fact they follow a different ayatollah.

The repeated and unnecessary four references to "terrorism" will inevitably result in substantial prejudice to the defendants that cannot be cured by instruction, and therefore should be struck as surplusage.

6

*D. Paragraphs in "Manner and Means" Section.*

Several paragraphs in the "Manner and Means" section of the Indictment also contain language that is irrelevant and immaterial to the evidence and charges against defendants Lahiji and Vahid, and yet are prejudicial and inflammatory to each of them.

Paragraph 16 of the Lahiji Indictment includes the following statement:

*"During the course and in furtherance of the conspiracy Yasrebi, IRANSHAHI and Child Foundation engaged in financial transactions in Iran in which they would split the proceeds of certain donations with Iran's Grand Ayatollah Makarem Shirazi."*

This statement is completely unrelated to the acts charged against defendants Lahiji and Vahid, and relate to inflammatory statements made in Paragraph 10 of the Lahiji Indictment discussed in the previous section above. An reference to monies going to Iran's "Grand Ayatollah" is extremely prejudicial and inflammatory, particularly where there is no evidence that such act, if indeed it occurred, is related to defendants Lahiji and/or Vahid. Moreover, this language was NOT included in the Yasrebi Information.

Paragraph 18 of the Lahiji Indictment also contains information which is irrelevant and immaterial to the evidence and case charged against defendants Lahiji and Vahid. Specifically, it describes alleged misrepresentations by Yasrebi, Iranshahi and the Child Foundation to U.S. auditors. This allegation is irrelevant and immaterial to defendants Lahiji and/or Vahid, and contains information that is prejudicial and inflammatory to their defense.

*E. Paragraphs in "Overt Acts" Section*

The "Overt Acts" section of the Lahiji Indictment also contains allegations that are irrelevant and immaterial to the prosecution of defendants Lahiji and/or Vahid. This section includes one paragraph (Paragraph 19), which is subdivided by numbered subparagraphs (1) through (68). Many of these paragraphs were presumably included to address the prosecution of

7

defendant Iranshahi, a person last known to be residing in Iran, and his dealings with Mr. Yasrebi. Many of these allegations have nothing to do with defendants Lahiji and/or Vahid.

The following subparagraphs of Paragraph 19 describe conduct relative to the acts of defendant Iranshahi and Mr. Yasrebi alone, and are therefore irrelevant and immaterial to the evidence and charges against defendants Lahiji and/or Vahid:

Subparagraphs (10), (13), (15), (17), (18), (19), (21), (22), (26), (27), (28), (29), (30), (31), (32), (33), (34), (35), (37), (38), (39), (40), (41), (42), (44), (45), (46), (47), (51), (52), (53), (55), (56), (57), (59), (60), (61), (62), (63), (64), (65), (66), (67), and (68).

It is defendant's understanding that the government will oppose this motion.

### III.
### THE LAW

The Federal Rules of Criminal Procedure authorize a district court to strike prejudicial and inflammatory surplusage from indictments. The rule is specifically to protect a defendant: "The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti,* 611 F.3d 530, 546-47 (9th Cir. 2010); *see also United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994).

Rule 7(d) of the Federal Rules of Criminal Procedure provides: "Surplusage. Upon the defendant's motion, the court may strike surplusage from the indictment or information." The advisory committee's notes to Rule 7 state that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." *Id.,* advisory committee's notes.

At least one federal court has sustained a motion to strike the same type of inflammatory language contained in the instant case indictment. *See United States v. Quinn*, 401 F.Supp.2d 80,

8

98-100 (D.D.C. 2005). For the same reasons outlined by this federal district court, defendants urge this Court to strike the inflammatory language described below.

IV.
PRAYER

The government provided Defendant with notice on April 29, 2013 that it intends to introduce evidence of the legislative intent International Emergency Economic Power Act, the political circumstances surrounding the execution of Executive Orders 12959 and 13059, and terrorism in Iran. A copy of the government's notice of expert witnesses is attached as Exhibit B. It is obvious that the government's intent is to argue that the International Emergency Economic Power Act, the political circumstances surrounding the execution of Executive Orders 12959 and 13059, and terrorism in Iran are relevant in the instant case as they are stated in the indictment. This court should strike the above described language as it irrelevant, prejudicial, inflammatory, and will only result in the violation of Defendant's Sixth Amendment right to a fair trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Hossein Lahiji and Najmeh Vahid respectfully pray that this Court grant this motion and strike from the indictment the language referenced above, to not permit such language to be read or otherwise disclosed to the jury, for such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Michael W. McCrum
Michael W. McCrum
MCCRUM LAW OFFICE
700 N. St. Mary's Street, Suite 1900
San Antonio, TX 78205
(210) 225-2285
(210) 225-7045 (fax)
michael@mccrumlegal.com
Attorney for Defendant Hossein Lahiji

9

/s/ Joe A. Cisneros
Joe A. Cisnero
State Bar No. 04256000
THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg Street
McAllen, Texas 78501
Telephone: (956) 682-1883
Telecopier: (956) 982-0132
Counsel for Defendant Najmeh Vahid

**Certificate of Service**

I hereby certify that a copy of the above and foregoing Motion has been filed electronically, on this the 7th day of May, 2013 and a copy sent to the United States Attorney's Office and all other counsel (retained and local counsel) through the court's electronic filing system.

/s/   Michael McCrum
Michael McCrum

10

UNITED STATES DISTRICT COURT
DISTRICT COURT OF OREGON
PORTLAND DIVISION

UNITED STATES OF AMERICA            §
                                    §
                                    §        CASE NO. 3:10-CR-506 KI
V.                                  §
                                    §
                                    §
HOSSEIN LAHIJI                      §
NAJMEH VAHID

ORDER

THIS MATTER having come before the Court on Defendant Hossein Lahiji and Najmeh Vahid's Joint Motion to Reconsider Striking Prejudicial and Inflammatory Surplusage from the Indictment, the Court finds the requested relief is made for good cause and the motion should be granted in the interest of justice.

IT IS HEREBY ORDERED that the Defendants' Motion to Reconsider Striking Prejudicial and Inflammatory Surplusage from the Indictment is hereby granted as applied to this case, and as further set forth in a separate order to be entered by this Court.

SIGNED AND ENTERED, on this the _____ day of _____, 2013.


_____
GARR M. KING
UNITED STATES DISTRICT JUDGE

11