**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**CHARLES F. GORDER, JR., OSB #91287**
Assistant United States Attorney
charles.gorder@usdoj.gov
**DAVID L. ATKINSON, OSB #75021**
Assistant United States Attorney
david.atkinson@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 717-1117
Attorney for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:10-CR-00506-KI |
| **v.** | **GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF** |
| **HOSSEIN LAHIJI,** | **ADMISSIBILITY OF TRIAL EXHIBITS** |
| and | |
| **NAJMEH VAHID,** | |
| a.k.a. Najmeh Lahiji, | |
| Defendants**.** | |

The United States of America, by S. Amanda Marshall, United States Attorney for the

District of Oregon, through David L. Atkinson and Charles F. Gorder, Jr., Assistant United

States Attorneys for the District of Oregon, hereby submits the following memorandum in

support of admissibility of trial exhibits:

In response to the Court's request for assistance in determining the admissibility of a number of government exhibits under Rule 801(d)(2)(E), co-conspirator statements, the government emphasizes the following in the record:

The United States' Response to Defendants' Motions in Limine (ECF No. 220) at pages 3-6 addresses the admissibility of co-conspirator statements generally.  It also specifically addresses the admissibility of statements of employees of a co-conspirator business entity such as Child Foundation or Refah Kudak.  Pages 12-13 of that memorandum, citing to specific trial exhibits by number, describes the evidence regarding the conspiracy to distribute funds to Ayatollah Makarem Shirazi.

The United States' Motion in Limine to Admit Iranian Financial Statements (ECF No. 206), which are trial exhibits 123(a)-(d), 124(a), 126(a), 128 and 129, and particularly the following:

- Pages 3-5 (a description of one of the financial statements and how the government obtained it);

- Pages 11-12 (a description of the evidence and citation to trial exhibits showing the conspiracy involving the building in Tehran);

- Pages 14-15 (a description of the evidence and citation to trial exhibits involving the Bank Karafarin CD account);

- Pages 15-23 (argument explaining why the financial statements are admissible as co-conspirator statements because they were first adopted by and then employed and further disseminated by the conspirators in furtherance of the conspiracy).

In considering the necessary preliminary finding of conspiracy and the admissibility of the government's evidence, the Court's attention is specifically drawn to the following:

**Government's Supplemental Memorandum in Support of Admissibility of Trial Exhibits**                                                                 **Page 2**

**A.     Prominent Evidence Concerning the House/Office Purchase.**

The Court has admitted Exhibits 51-01, 56-02, and 52-06, various Child Foundation and Refah Kudak documents referencing respectively an "urgent need" for an office in Tehran, the fact that an office was obtained, and an announcement that the office was provided by defendant Lahiji.  The government submits the following exhibits further establish the defendants' membership in the charged conspiracy with Ahmad Iranshahi (and Refah Kudak and its employees) and Mehrdad Yasrebi (and Child Foundation and its employees) in connection with the alleged purchase of the office building/house in Tehran:

1.     Exhibit 81-02 and -03:  Intercepted Fax from defendant Vahid to Iranshahi and Yasrebi, referencing the defendants' payments for the house and that it is "due back in 1389 (2010) when possession is to be returned to the defendants.

2.     Exhibit 96-02:  2008 E-mail from Iranshahi to defendant Lahiji reciting that Refah Kudak is obligated to the defendants for, *inter alia*, the Tehran office in 2010.

3.     Exhibit 69-03:  2006 E-mail between Yasrebi and Iranshahi commenting on the current account of the defendants and mentioning money sent to Mr. Badihi to purchase a house. Other evidence will establish Badihi is Lahiji's brother-in-law.

4.     Exhibit 57:  Power of attorney from Mahindokht Lahiji (defendant's sister) giving Iranshahi control of the Tehran building for 9 years after October 2001.

5.     Exhibit 101-02:  2009 E-mail between Iranshahi and Djalili, head of the Child Foundation Swiss affiliate, indicating the need to find new office space in Tehran because the current owner, *i.e.*, defendant Lahiji, wants his property back.

**B.**     **Prominent Evidence Concerning the Bank Account.**

The court has admitted Exhibit 8, the 2002 request by defendant Lahiji seeking advice from Ayatollah Mazaheri on investing in an Iranian bank.  The government submits the following exhibits further establish the defendants' membership in the charged conspiracy with Iranshahi (and Refah Kudak and its employees) and Yasrebi (and Child Foundation and its employees) in connection with the bank investment:

1.     Exhibit 81-02 and -03:  Intercepted fax in 2006 from Defendant Vahid to Iranshahi and Yasrebi, referencing two $350,000 payments to Child Foundation and that $350,000 was placed in a joint account for five years and is due back in 1387 (2008), and requesting statements for the "joint account."

2.     Exhibit 76:  An intercepted phone call in 2006 between defendant Lahiji and Yasrebi discussing at pages 3 and 4 of the transcript that "a thing related to your [Lahiji's] account" needs to be confirmed.

3.     Exhibit 85:  An intercepted fax in 2006 from defendant Vahid to Iranshahi and Yasrebi containing defendant Lahiji's written approval of an unauthorized withdrawal from the account.

4.     Exhibit 95:  A 2008 email between a Refah Kudak employee and Iranshahi transmitting defendant Vahid's 2006 fax (Exhibit 81) and containing Iranshahi's handwritten acknowledgement that defendant Vahid's account is accurate.

5.     Exhibit 70-5:  An intercepted fax in September 2006 to Yasrebi from Iranshahi sending a summary of the financial condition of Child Foundation of Iran (Refah Kudak) and noting a "deposit in bank, paid by Mr. Lahiji" of  5,850,000,000 rials (approximately US $636,000).

6.      Exhibit 124-A-11:   A 2006 report of the independent auditor of Refah Kudak which was transmitted via email from Iranshahi to Yasrebi, as well produced by the Child Foundation Custodian by stipulation, referencing at 124-A-11 a 5,853,200,000 rial long-term deposit based on an agreement with defendant Lahiji and noting a 1 billion rial (approximately US $109,000) withdrawal which was authorized by Lahiji and later redeposited in the account.

**C.      Prominent Evidence Concerning the Khoms Payments.**

The court has admitted several checks to the Child Foundation from the defendants referencing the payment of khoms.  The government submits the following exhibits further establish the defendants' membership in the charged conspiracy with Iranshahi (and Refah Kudak and its employees) and Yasrebi (and Child Foundation and its employees) in connection with the khoms payments:

1.      Exhibit 9:  Iranshahi sent defendant Vahid a copy of a letter Iranshahi had written to Ayatollah Khamenei, detailing his khoms arrangements with Ayatollah Shirazi (see page 4 of the exhibit).

2.      Exhibit 80:  An intercepted phone call in November 2006 between defendant Vahid and Yasrebi in which on page 3 of the transcript Yasrebi told Vahid he paid $200,000 "to Mr. Makarem" and Vahid asked for a receipt.

3.      Exhibit 81-02 and -03:  Intercepted fax in 2006 from defendant Vahid to Iranshahi and Yasrebi, requesting a receipt for the khoms.

4.      Exhibit 95:  A 2008 email between a Refah Kudak employee and Iranshahi transmitting defendant Vahid's 2006 fax (Exhibit 81) and containing Iranshahi's handwritten acknowledgement that defendant Vahid's account that a request for a receipt for khoms is pending is accurate.

5.      Exhibit 96-02:  2008 E-mail from Iranshahi to defendant Lahiji reciting that a receipt for khoms will be provided.

**D.      Hiring a Relative.**

Exhibits 94 and 99, defendants' request that Refah Kudak hire defendant's Vahid's mother-in-law and the response to defendant Lahiji that they will do so, are self-explanatory.

Dated this 14th day of June 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*/s/ David L. Atkinson*
DAVID L. ATKINSON, OSB #75021
Assistant United States Attorney

*/s/ Charles F. Gorder, Jr.*
CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorney