IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     ) Case No. 3:10-CR-506-KI
                                   )
          v.                       )
                                   ) February 14, 2013
HOSSEIN LAHIJI and NAJMEH VAHID,   )
aka Najmeh Lahiji,                 )
                                   )
                    Defendants.    ) Portland, Oregon
_____)

TELEPHONIC STATUS CONFERENCE

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE GARR M. KING

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR THE PLAINTIFF:

David Atkinson
Charles Gorder
Assistant United States Attorneys
United States Attorney's Office
1000 SW Third Avenue
Room 600
Portland, OR 97204

FOR DEFENDANTS:

Aissa Strickland
700 N. St. Mary's Street
Suite 1900
San Antonio, TX 78205

Joe A. Cisneros
The Cisneros Law Firm, L.L.P.
312 Lindberg Avenue
McAllen, TX 98501

David H. Angeli
Kevin M. Sali
Angeli Law Group LLC
121 SW Morrison Street
Suite 400
Portland, OR 97205


COURT REPORTER:         Jill L. Erwin, CSR, RMR, RDR, CRR
                        Certified Shorthand Reporter
                        Certified Realtime Reporter
                        Registered Merit Reporter
                        Registered Diplomate Reporter

                        United States District Courthouse
                        1000 SW Third Avenue, Room 301
                        Portland, OR 97204
                        (503)326-8191

                            *   *   *

TRANSCRIPT OF PROCEEDINGS

THE COURT:  Go ahead.

DEPUTY COURTROOM CLERK:  Hi, counsel.  This is the time set for a telephone conference call in USA v. Lahiji, et al.  Case No. 10-506-1 and -2.  I'd like to take roll.  Ms. Strickland?

MS. STRICKLAND:  Yes.

DEPUTY COURTROOM CLERK:  Mr. Atkinson?

MR. ATKINSON:  Yes, I'm here.

DEPUTY COURTROOM CLERK:  Mr. Gorder?

MR. GORDER:  Yes.

DEPUTY COURTROOM CLERK:  Mr. Angeli?

MR. ANGELI:  Yes.

DEPUTY COURTROOM CLERK:  Mr. Sali?

MR. SALI:  Yes, I'm here.

DEPUTY COURTROOM CLERK:  Mr. Cisneros?

MR. CISNEROS:  Yes, I'm here.

DEPUTY COURTROOM CLERK:  We have a court reporter present, so please identify yourself when you speak, and here's Judge King.

THE COURT:  Good morning, counsel.  We have two matters pending this morning.  We have a motion to continue the trial date to September, filed by Defendant Vahid, through David Angeli, and then we have the -- by the Government, a notice of conflict of interest and request for

a hearing.

I want to deal first with the motion for a continuance.

I understand that Defendants Vahid and Lahiji are on the telephone.  Is that correct?

MR. CISNEROS:  Yes.  They are in my office. Joe Cisneros speaking.

THE COURT:  All right.  Thank you.

Now, with regard to the motion for a continuance, when we had a conference on January 7th, I made it very clear that we were going to trial in June.  The motion filed in this case indicates that Mr. Angeli is not available in June and asks for a setover until September of this year.

I want to talk to the Government about -- the Government opposes this motion.  I want to talk to the Government about where we are generally on discovery.

The Government represents that, with a few minor exceptions, all of the classified materials have been made available to Mr. Cisneros since July of 2012.  I want to make certain that we don't have any pending discovery matters that can't be resolved within a reasonable period of time.

Now, Mr. Cisneros has had this material since July of 2012.  He has a clearance, so he's able to review this material.  I don't know what has taken place by way of discovery, but Mr. Cisneros talks about the problems he has

from a medical standpoint and also from the standpoint of a large bulk of materials to review.

I don't see what has happened in the review process that Mr. Cisneros has or may not -- I don't know if he's conducted it since January and before, but basically what I want to hear from the Government is what production problems are there at this point?  Is there anything to resolve?  Is there anything that can't be resolved within a very short time; say the next 30 days?

Where are you on that, either Mr. Gorder or Mr. Atkinson?

MR. ATKINSON:  Well, Your Honor, as we sit here -- this is David Atkinson on behalf of the United States.  As we sit here now, we're not aware of any discovery problems that can't be resolved in a short period of time.  Having said that, in candor, Mr. Gorder and I will be traveling back to Washington, D.C. to ensure the answer to that very question next week.  And if there might be some delays that we couldn't handle within 30 days, a relatively short period of time, we'll -- we'll deal with that and advise the Court. But as we sit here now, we're not aware of any.

THE COURT:  Now, you say in your submission that with a, quote, few minor exceptions, all classified materials have been made available.

Now, how are those minor exceptions going to be

resolved?  I understand you can't discuss some of this material directly, but I -- I want to make certain that we have -- if I send this case to trial in June, that we're ready to go in June from the Government's standpoint and from a production standpoint.

MR. ATKINSON:  As we encounter them, Judge, we'll make them available.

And what I want to emphasize is that -- are two things. Number one, Mr. McCrum has gone through most of this material.  There has been some material added to the stack, as it were, since Mr. McCrum came to Portland, Oregon, to do that; but we think that, you know, that material wouldn't take nowhere near hundreds of hours to go through.

And as we encounter additional material, you know, we'll deal with it.

Is there a possibility that we'll encounter something that will require CIPA litigation?  You know, it's hard for me to predict, Judge; but I would say probably not.

THE COURT:  All right.  Well, as you know, we made a ruling on the motion that was pending.  And there are no pending motions, that I'm aware of, at this point, nor have I had any indication that there will be motions.  Obviously there are always going to be motions, but we don't have anything we know about at this time.

All right.  That's -- I wanted to get the Government's

position, because the Government opposes this.  This case has been pending since December of 2010, over two years. Defendant Vahid has had three retained attorneys.  You can look at -- I mean, I'll refer to the Government's memorandum on page 17 for the history of this case at this point.

As I pointed out, I made it very clear when I met in January that the case was going to go to trial in June, and that is my decision.  I'm going to deny the motion for a continuance for the reasons set forth in the Government's opposition to the motion for continuance for the reasons I set -- I made that statement back in January that we were going to trial in June.  At that time Mr. Cisneros had discussed with us his medical situation.  Mr. Angeli was in court, I believe, and had given us the information about his conflict, I think, at that period of time.  But I let it be known that we were going to trial in June, and that's my intention.

In order to get this case tried in June, I am going to handle the case.  I previously indicated that I might pass this on to someone else.  That's still a possibility, but I would only pass it on if I can't find someone who will try it in June.

So that's where we are on that.  I have a number of reasons for it, but I think I've explained them basically. This case is old.  It's time to have it tried and completed.

There doesn't appear to be any reason why a competent attorney -- and we have competent attorneys at this point in time representing the defendants -- can't get through the material and be ready for trial.

So that's my ruling on the motion to continue.

Now, we have the notice of conflict.  Mr. Angeli has indicated that if the case is not rescheduled, he has a conflict that is -- excuse me.  A different conflict, obviously, than the notice of conflict we're dealing with here.  He has a conflict with the case in September, and he has made what he calls an -- what is a special appearance at this point solely to move the continuance of this case.

If I'm not going -- therefore, I am not going to formally rule on the motion filed by the Government regarding the conflict.  I've gone through that.  I have serious concerns about conflict.  We've done some research on it since receiving the memorandum this morning from Mr. Angeli.  The case gives the -- the cases that we have found gives the Court some -- quote, substantial latitude in determining whether to accept a waiver of conflicts of interest.  That's *Wheat v. United States,* Supreme Court case 486 U.S. 153.  Some of the language in that case is, I think, pretty clear that the Court talks about the district court must pass on the issue whether or not to allow a waiver of conflict of interest by a criminal defendant, not

with the wisdom of hindsight after the trial has taken place, but in the murkier pretrial context when relationships between the parties are seen through a glass darkly.

They go on to say that for these reasons we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interests not only in those case -- rare case where an actual conflict may be demonstrated before a trial, but in the more common cases where a potential for conflict exists which may or may not verge into an actual conflict as the trial progresses.

In that case they said they do not believe the court exceeded their broad latitude which must be accorded it in making this decision.

Now, in going through the background on this case, I am convinced that there are -- there's the potential for major problems.  In the event that the representation of Mr. Angeli represents Ms. Vahid and given his representation in the prior case, I -- just a moment.  I have some thoughts that I want to put on the record on this.

I note exhibits which have some direct statements by the defendant, Vahid, directed as Mr. Yasrebi which appear to be significant blame-shifting.  There's a reference to him -- the Child -- the Child Foundation lied to us and deceived us and other statements made along that line.

I can see any kind of problems popping up in this case if Mr. Yasrebi is called or anyone from Child is called. I know that Mr. Angeli indicates that he would not -- Mr. Yasrebi would not be called by the Government, but I expect that there would be testimony sought from him or at least evidence sought from him, shifting the blame to Mr. Yasrebi.

There's potential for a mistrial. There's potential for post-conviction relief. I don't know what's going to happen at trial when it -- it starts getting into these areas of fault and -- but I can see that there are serious problems, so I'm not making a ruling today, but I just wanted to let you know what my ruling would be if Mr. Angeli decides to go ahead as -- with representation, knowing that we're going to try this case in June.

So that's where I am on the conflict situation.

As far as the motion to continue the trial, it's denied.

Now, Mr. Angeli, what is your position as far as proceeding further on the conflict issue?

MR. ANGELI: Your Honor, this is David Angeli. I -- I understand that Your Honor is not actually ruling on that portion of the Government's filing at this point, so I'm not sure that anything I say would be more than just kind of beating the proverbial dead horse. I -- you know,

if -- if we ever have to face this issue again -- for example, if my case were to settle and June suddenly becomes available for me and Ms. Vahid still wants me to come into the case, obviously we'd have to cross that bridge at that point.  I'm prepared to argue the conflict issue now.  I'm not sure it's the appropriate time to do it.

But I just -- for my purposes, for the record, obviously we don't believe that this is a nonwaiveable conflict.  I do certainly agree with the Court that there is a -- at least a possibility of finger-pointing, which is why Rule 1.9 prohibits a lawyer who formerly represented a client from taking on a new client whose interests may be materially adverse.  Of course, as Your Honor knows, it says "unless each affected client gives consent."

So without the potential finger-pointing, there wouldn't be a potential conflict at all.  And then that would get to had the parties knowingly waived the conflict?  After, here, much discussion with both Ms. Vahid and Dr. Yasrebi, each has waived, in writing, and I believe, you know, in light of Ms. Vahid's Sixth Amendment right to counsel of choice, that decision cannot be overcome, except in the most extreme of circumstances.

Like, for example, those that were present in *Wheat*, where there were codefendants heading to trial together, and in that case the Court said, "Notwithstanding the waiver,

I'm just not going to let it happen."

Here, Dr. Yasrebi's case is done.  He has no further jeopardy.  He has knowingly waived.  It's a very different situation than the concurrent client situation in *Wheat*.

THE COURT:  Well, I want to interrupt just because I've been running these scenarios through my mind as to what might happen.  And your former client, Mr. Yasrebi, is on probation for five years.  He has certain requirements to meet.  If something happens in the finger-pointing, that I'm fairly confident would occur or potentially occur in the trial, and Mr. Yasrebi all of a sudden faces the possibility that he's being asked to question, and when -- and you expect an answer, and his answer might put him in the position where he is making a statement that is contrary to the statements made through the course of his represent -- through the course of his representation in the criminal case, including proffers, including statements to the Court, this type of thing, there's all kinds of potential there that you may not see at this point, knowing, but might well come out as we get into it.

When Mr. Yasrebi takes the stand and has to -- well -- well, answer questions, who knows what could occur at that point, and I --

MR. ANGELI:  Thank you.  Your Honor, to that I will say two things:  One, I have asked this question at

least four times to the Government, and they have assured me -- not that they don't think they will call Dr. Yasrebi, but, for reasons they can't disclose to me, they cannot call him --

THE COURT:  Well, wait a minute, counsel.

MR. ANGELI:  -- the Government, at this trial.

THE COURT:  What about you?  Are you going to call him?

MR. ANGELI:  Nor would we call him.

And I will say, Your Honor, to the extent that we ever would, I made clear to him, again, in writing, I would not do the questioning.  And he has agreed to that and so has Ms. Vahid, who, by the way, is, herself, a licensed attorney and understands what these conflict issues and waivers mean.

THE COURT:  Well, I understand that, and I also understand that Ms. Vahid has changed her mind several times on major issues as we've gone through this process here. And I just don't know what's going to happen in the trial. That's the point I'm making here.  It's an unusual situation.  I've looked at it long and hard.  I am very concerned about a conflict of interest, the potential for conflict of interest, and so that's why I'm giving you an idea of where I stand on it at this point.

I'll -- you can argue further if you decide that you can try this case in June.  We can set up another time.  But

at this point I just wanted to let you know where we are -- where the Court is on the subject.

Okay. You can let me know what you intend to do. I advise the attorneys for the parties, the ones who are appearing for the party, to assume we're going to try this case. I want to set a pretrial conference. While we do it, let's find a calendar here.

May 28th at 1:00 in court. Does what work for everyone?

MR. ATKINSON: May 28th?

THE COURT: Yes.

MR. ATKINSON: Yes, Your Honor. David Atkinson on behalf of the United States, for both myself and Mr. Gorder.

THE COURT: Okay. Pretrial conference, then. How about for the defense attorneys?

MR. CISNEROS: Joe Cisneros. Judge, I haven't spoken at all, but I am still concerned because of my health problems.

THE COURT: Well, that's --

MR. CISNEROS: One of the reasons and the major reasons why Ms. Vahid -- Ms. Lahiji -- decided to retain Mr. David Angeli was for the purpose of someone being available in case something happened to me that I could not continue in the case. As far as your comment, I apologize, with all due respect to Your Honor --

THE COURT:  I do want to comment there are a lot of lawyers present here, and I advised you in January of my position that this case was going to trial in June.  I would assume that you have looked for other attorneys just in case.  I don't know.

MR. CISNEROS:  Well, Ms. Lahiji was aware of the problem that Mr. Angeli had in relation to his conflict; but, after having considered several lawyers, she decided to go with -- with David Angeli.

The other problem I discussed with the Court, at least I mentioned to Your Honor at the hearing on the 7th, was that the reason why we totally did not pursue the matter of going and reviewing discovery materials from July through -- I think it was December, finally, in January, when all plea negotiations completely came to an end, was because we worked -- at least I was very, very -- well, I believed sincerely that there was going to be a plea agreement; but, apparently, you know, it failed, and so we didn't go into -- I could have gone to the FBI office and came in and reviewed tons -- I say tons as an exaggeration -- of all of the materials that the Government claims to be classified in the FBI office at McAllen.  And at the time I think on the record I mentioned to Your Honor that I had been told by FBI Agent Jenkins that there were approximately 600 hours of reviewable time of materials that

were in their possession here in McAllen, totaling to being about 20 -- 20 weeks at 40 hours a week.  That's a lot of time.  That means I would have to be there every day, five days a week, reviewing all of the materials there.  I have been informed recently, a few days ago, by Mr. Gorder, that the 600-hour-reviewable-time matter is now 150 hours of reviewable time.  So I'm concerned about the other 450 hours.  What happened to those materials?

I've been inclined -- McAlister -- David McAlister -- Jim McAlister and Carolyn Ferko in Houston about those materials, and, as of today, I have not been really informed as to where they are or what happened to them.

I know -- at least I've been -- I recently believed that we have not received them.  Okay.  And the Government may feel like nothing -- nothing in those materials concern them, but they might concern us, because some of these materials might be beneficial to our defense.

THE COURT:  Well, when are you going to hire somebody to start looking at these?  You've got the ability to have people -- professionals and hire them to go through this.

MR. CISNEROS:  Well, that would require the Government clearing these people.  If some of those materials are classified.

THE COURT:  Well --

MR. CISNEROS:  If the 450 hours of material has been -- has been declassified, then I would like to have my client at least go to the FBI office to review those materials, because she understands Farsi and she understands what happened.  I would like to go with her at times.  But, then, also, if they can provide us with all that information by the way of CDs, she can come to my office and review all of those materials.

THE COURT:  Why don't you talk to the Government about this, rather than arguing for a setover?

MR. CISNEROS:  Yeah.  Well, this is why I wanted to tell -- ask Your Honor what you -- would Your Honor grant us leave to file any motions necessary to at least consider any problems that might arise in relation to what I just said?

THE COURT:  Yes.  You can file motions, as necessary, to obtain discovery, after you have talked to the Government attorneys, having a good faith sit down conversation with them, and try and work these things through.

The Government is making representations about what has been delivered, what will be delivered, and I'm generally inclined, based on what I know, to accept those representations.

If you have any information as to something that has

not been produced that you're entitled to have, I will tell the Government they need to be very open with what they are furnishing, and if you -- you -- you can file a motion, but get them filed.  I want all motions regarding discovery filed within 30 days.

If you need more time than that, you can ask me, and we'll have another conference.  But at this point, rather than talking about setovers, you need to get the case ready for trial.

MR. CISNEROS:  Yes, Your Honor.

THE COURT:  Okay.

MR. CISNEROS:  Yes, sir.

THE COURT:  All right.  Any other questions?

MR. CISNEROS:  No, Your Honor, not from Joe Cisneros.

THE COURT:  All right.  We'll send you a letter telling you when the materials have to be filed.  We probably already have, but I'll send you another one just to remind you.  Okay.  We're -- we still have our trial date, nine days, and I want the Government to take a look at where they are at this point and make every effort to get anything that they have to produce to the defense, just as soon as possible, but no later than 30 days.

Okay.  Anything else?

MR. CISNEROS:  No, Your Honor.

MR. ANGELI:  Thank you.

(End of hearing.)

20

C E R T I F I C A T E


UNITED STATES OF AMERICA,            )
                                     )
                     Plaintiff,      ) Case No. 3:10-CR-506-KI
                                     )
                v.                   )
                                     )
HOSSEIN LAHIJI and NAJMEH VAHID,     )
aka Najmeh Lahiji,                   )
                                     )
                     Defendants.     )
_____)


        I certify, by signing below, that the foregoing is

a true and correct transcript of the record of proceedings

in the above-entitled cause.  A transcript without an

original signature, conformed signature, or digitally signed

signature is not certified.


/s/Jill L. Erwin, CSR, RMR, RDR, CRR
_____

Official Court Reporter             Date: July 16, 2013